IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

JUN 1 2005

LUTHER D. THOMAS, CLERK
Deputy Clerk

PRIME TECHNOLOGICAL SERVICES, INC.,

    Plaintiff,

v.

ALAN JOHNSON,

    Defendant.

CIVIL ACTION NO.
1:00-CV-2186-ODE

ORDER

This civil action is presently before the Court on the parties' proposed consolidated pretrial order. The order is approved with the following modifications:

In Paragraph Nine, the parties note that Attachments A-1 and A-2 contain their respective lists of questions they request the Court to propound to jurors concerning the jurors' legal qualifications to serve. Plaintiff objects to Defendants' questions one, two, four and five. These objections will be addressed at trial.

In Paragraph Fourteen, Defendant objects to Plaintiff's summary of its case (Attachment C) "to the extent that the statement contains any allegations or statements of fact" not included in Plaintiff's previous filings. Defendant similarly objects to the fifty-odd legal authorities Plaintiff names to the extent that they reveal any "new legal theories or arguments." Clearly, Plaintiff may not at this point in the proceedings introduce new allegations, statements of fact or legal theories by mentioning them in Attachment C. However, Defendant does not complain of any particular allegations, statements of fact, or

legal theories appearing in Attachment C. As such, Defendant's objections will be addressed if necessary at trial if and when Plaintiff arguably attempts to introduce previously unmentioned allegations, facts or legal theories.

In response to Defendant's objection to Attachment C, Plaintiff also seeks to "reserve the right to file an amended complaint." The Court understands Plaintiff is seeking reservation of the right to amend Attachment C, not the right to amend its complaint. Regardless, Plaintiff's attempt to reserve a right to amend either Attachment C or its complaint is denied.

In Paragraph Eighteen, both parties object to their opponents' witness lists to the extent that any witnesses were not previously disclosed. No particular witnesses are complained of, however, and these objections will be addressed (if necessary) at trial.

In Paragraph Nineteen, both parties declare that they have not received the actual evidence listed on their opponents' evidence list. As such, both parties decline to stipulate to the authenticity, competency or relevancy of the evidence listed. These objections are noted but will be considered if necessary at trial. The parties are instructed to exchange exhibits at the earliest possible time prior to trial.

Defendant also objects to Plaintiff's list of evidence to the extent it includes charts and other exhibits which were created by Plaintiff's counsel for trial and which therefore are not evidence. Defendant is correct that charts and other litigation aides are not "physical or documentary evidence." The objection

2

will be addressed if necessary at trial in relation to the introduction of specific evidence or trial aides.

In Paragraph Twenty, Plaintiff includes a long list of page and line references from depositions which Plaintiff "may introduce." Defendant objects to using deposition testimony unless the deponent is unavailable to testify in person.

According to N.D. Ga. L.R. 16.4(B)(20), the parties must list persons "whose testimony at trial will be given by deposition" and cite the portions of their depositions which will be submitted as evidence. The rule concerns depositions that will be "introduced" as evidence, i.e. the rule generally instructs parties to list deposition testimony that will be entered into evidence because the witnesses are expected to be unavailable at trial. Defendant is correct that if the listed witnesses are not shown to be unavailable, these depositions may not be admissible. The availability of witnesses and the corresponding admissibility of deposition testimony will be considered (if necessary) at trial.

Paragraph Twenty also asserts that Plaintiff will introduce deposition testimony from two further witnesses, Sandra C. Gibson and the Viejas Tribal Gaming Commission. Gibson's deposition was taken on May 18, 2005, and Plaintiff has apparently not yet received Gibson's deposition transcrpt. The deposition of Viejas is scheduled for June 2, 2005. Defendant objects to the use of depositions taken after the submission of the Pretrial Order.

The Court is unclear as to why depositions continue to be taken at this exceedingly late date. Discovery in this case closed on November 19, 2004, and trial is set for June 6, 2005. Nonetheless, the admissibility of deposition testimony from Gibson

3

and Viejas will be considered (if necessary) at trial, at which time Plaintiff can explain the late scheduling of these depositions.

Defendant lists six witnesses for whom portions of their depositions may be introduced if the witness is not available at trial. Plaintiff objects to Defendant's failure to identify specific pages and lines of these depositions. Defendant is merely reserving the right to introduce deposition testimony if one of these witness is unavailable; as such Defendant's submission is acceptible.

In Paragraph Twenty-Three, Plaintiff requests the case be submitted to the jury upon a general verdict, while Defendant proposes an attached verdict form. This dispute will be resolved at trial.

In Paragraph Twenty-Four, Plaintiff requests an hour for closing argument due to the fact intensive nature of the trial. Plaintiff's request will be considered at trial.

The joint pretrial order is APPROVED with the above changes and clarifications.

SO ORDERED, this __1__ day of June, 2005.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE