```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

PRIME TECHNOLOGICAL SERVICES,   :
INC.,                           :
                                :
            Plaintiff,           :
                                :
     v.                          :      CIVIL ACTION FILE
                                :      NUMBER: 1 00-CV-2186-ODE
ALAN JOHNSON,                   :
                                :
            Defendant.           :

**DEFENDANT'S MOTION IN LIMINE**
**REGARDING IMPROPER CHARACTER EVIDENCE**

COMES NOW Defendant Alan Johnson ("Defendant"), and files this, his Motion in Limine to Exclude Improper Character Evidence(the "Motion") on the grounds that such evidence is not relevant or admissible and would be unduly prejudicial to Defendant.

In support of this Motion, Defendant relies upon his Memorandum of Law in support of the Motion and all other pleadings and documents of record in this action.

WHEREFORE, Defendant respectfully requests that the Court GRANT this Motion and enter an Order excluding from evidence any testimony, argument and tangible evidence of the following:

    1.    any alleged misrepresentations Plaintiff contends

        were made by Defendant that are not in conformity with the misrepresentations alleged by Plaintiff in this action, including, but not limited to any and all alleged misrepresentations made by Defendant to the Viejas Tribal Gaming Commission; and

2.     any criminal convictions of Defendant.

This the 2nd day of June, 2005.

                            Respectfully submitted,

                            BERMAN FINK VAN HORN P.C.

                            By: *s/ Benjamin I. Fink*, *Esq.*
                                Georgia Bar No. 261090

                            By: *s/Aaron B. Chausmer, Esq.*
                                Georgia Bar No. 119998

3423 Piedmont Road, N.E.        COUNSEL FOR DEFENDANT
Suite 200                                  ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
bfink@bfvlaw.com
achausmer@bfvlaw.com

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

PRIME TECHNOLOGICAL SERVICES,  :
INC.,                          :
                               :
          Plaintiff,           :
                               :
     v.                        :   CIVIL ACTION FILE
                               :   NUMBER: 1 00-CV-2186-ODE
ALAN JOHNSON,                  :
                               :
          Defendant.           :
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE REGARDING IMPROPER CHARACTER EVIDENCE**

COMES NOW Defendant Alan Johnson ("Defendant"), and files this, his Memorandum of Law in Support of his Motion in Limine to Exclude Improper Character Evidence (the "Motion"), and shows this Honorable Court as follows:

## I.   INTRODUCTION

In this action, Plaintiff contends that Leisure Time Casinos & Resorts, Inc. ("LTCR") made material misrepresentations in connection with Plaintiff's purchase of 523,759 shares of LTCR's preferred stock (the "Stock"). Plaintiff contends that as a result of the alleged misrepresentations, Defendant has violated Rule 10(b) and Rule 10(b)(5) of the Securities Exchange Act of 1934.

In its Response to Defendant's Motion for Protective Order

("the Response") filed on June 1, 2005, Plaintiff suggests that it may seek to introduce at trial evidence that 1) Defendant allegedly has made false statements of fact in situations unrelated to the sale of the Stock to Plaintiff; and that 2) Defendant has been convicted of certain crimes unrelated to the sale of the Stock to Plaintiff. Plaintiff seeks to introduce this improper character evidence in support of his contention that Defendant made misrepresentations to Plaintiff concerning the Stock and intends to prejudice the jury against Defendant in doing so.

Defendant now respectfully moves this Court to enter an order excluding from evidence any testimony, argument and tangible evidence of 1) alleged misrepresentations made by Defendant that do not specifically conform to the alleged misrepresentations at issue in this action relative to the sale of the Stock; and 2) criminal convictions of Defendant.

## II.     STATEMENT OF FACTS

In the Response, Plaintiff suggests that it will seek to introduce into evidence at trial evidence of "Defendant's habitual fraudulent conduct, which is Defendant's way of life, or in the language of Federal Rule of Evidence 406, 'his routine practice'". To that end, Plaintiff alleges the following:

1) that Defendant failed to disclose to Viejas Tribal Gaming Commission (the "Commission") that he was at one time a resident of Ohio; and

2) that Defendant has a record of several misdemeanor criminal convictions for writing bad checks.

Even assuming that these allegations are true, they do not constitute evidence of a routine or pattern of behavior by Defendant that is in conformity with Defendant's claim in this case.  As more fully set forth below, such evidence should not be admitted into evidence because 1) it does not constitute admissible evidence of habit pursuant to Rule 406 of the Federal Rules of Civil Procedure and is irrelevant to Plaintiff's claims against Defendant; and 2) it is unduly prejudicial to Defendant.

### III.  ARGUMENT AND CITATIONS OF AUTHORITY

Rule 404(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. . . ."

Rule 406 of the Federal Rules of Civil Procedure further provides:

> Evidence of the habit of a person or of the routine practice of an organization. . . is relevant [only]to

>prove that the conduct of the person or organization <u>on a particular occasion</u> was in conformity with the habit or routine practice. (emphasis added).

"Habit" has been defined as "one's regular response to a repeated specific situation," a "regular practice of meeting a particular kind of situation with a specific type of conduct," or "uniformity" of or "semi-automatic" behavior. <u>McCormick</u>, Evidence § 195 (5th Ed. 1999); <u>See</u> <u>Camfield v. City of Oklahoma City</u>, 248 F.3d 1214, 1232 (10th Cir. 2001).

Even if Plaintiff can prove that the proffered evidence constitutes evidence of the habit of Defendant, it must also show that the evidence is being offered to prove that the specific alleged conduct of Defendant complained of in this action conformed with the habit or routine practice. If Plaintiff cannot meet this burden, the evidence is not admissible under Rule 406 of the Federal Rules of Civil Procedure. <u>See</u>, <u>e.g</u> <u>Reyes v. Missouri Pacific Railroad Company</u>, 589 F. 2d 791, 794-795 (5th Cir. 1979); <u>McCormick</u> Evidence, s 195 n. 16 (2d ed. 1972)(The probative force of habit evidence to prove behavior on a given occasion depends on the "degree of regularity of the practice and its coincidence with the occasion.")

Additionally, Rule 403 of the Federal Rules of Civil Procedure provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Here, even if Defendant had made misrepresentations to the Commission, (which Defendant denies) that in no way demonstrates a habit of making misrepresentations in conjunction with the sale of securities, as alleged in this action. Nor do misdemeanor criminal convictions for writing bad checks show any routine or pattern of making misrepresentations regarding the sale of securities. Moreover, introduction of this evidence would unduly prejudice and mislead the jury.  Accordingly, the evidence is inadmissible under Rules 403, 404 and 406 of the Federal Rules of Civil Procedure.

Defendant respectfully requests that the Court GRANT this Motion and enter an Order excluding from evidence any testimony, argument and tangible evidence of the following:

1. any alleged misrepresentations Plaintiff contends were made by Defendant that are not in specific conformity with the  misrepresentations alleged by Plaintiff in this action, including, but not limited to any and all alleged misrepresentations made by Defendant to the Viejas Tribal Gaming Commission; and

2. any criminal convictions of Defendant.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant requests that the Motion be **GRANTED**.

This the 2nd day of June, 2005.

                                      Respectfully submitted,

                                      BERMAN FINK VAN HORN P.C.

                                      _____
By: *s/ Benjamin I. Fink*, *Esq.*
     Georgia Bar No. 261090

                                      _____
By: *s/Aaron B. Chausmer, Esq.*
     Georgia Bar No. 119998

3423 Piedmont Road, N.E.        COUNSEL FOR DEFENDANT
Suite 200                                      ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
bfink@bfvlaw.com
achausmer@bfvlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

```
PRIME TECHNOLOGICAL SERVICES,  :
INC.,                          :
                               :
       Plaintiff,              :
                               :
v.                             :  CIVIL ACTION FILE
                               :  NUMBER: 1 00-CV-2186-ODE
ALAN JOHNSON,                  :
                               :
       Defendant.              :
```

This is to certify that the foregoing MOTION IN LIMINE REGARDING IMPROPER CHARACTER EVIDENCE was prepared using Courier New 12 point font in accordance with Local Rule 5.1(C).

This the 2nd day of June, 2005.

                                        Respectfully submitted,

                                      BERMAN FINK VAN HORN P.C.

                                      By: *s/Aaron B. Chausmer, Esq.*
                                            Georgia Bar No. 119998

3423 Piedmont Road, N.E.        COUNSEL FOR DEFENDANT
Suite 200                                    ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
achausmer@bfvlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2005, I presented DEFENDANT'S MOTION IN LIMINE REGARDING IMPROPER CHARACTER EVIDENCE to the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

>Gary Bunch, Esquire
>Gary Bunch, P.C.
>120 West Wieuca Road
>Suite 208
>Atlanta, Georgia 30342
>*Counsel for Plaintiff Prime Technological Services, Inc.*

                Respectfully submitted,

                BERMAN FINK VAN HORN P.C.

                _____
                By: *s/Aaron B. Chausmer, Esq.*
                     Georgia Bar No. 119998

3423 Piedmont Road, N.E.       COUNSEL FOR DEFENDANT,
Suite 200                             ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
achausmer@bfvlaw.com

H:\01022-1\Pleading\MotioninLimine2.doc