**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN OPEN COURT
U.S.D.C.-Atlanta

JUN   6   2005

LUTHER D. THOMAS, CLERK

By:

Deputy Clerk

| | | |
|---|---|---|
| PRIME TECHNOLOGICAL SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NUMBER: 1:00-CV-2186-ODE |
| ALAN JOHNSON, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S REQUEST TO CHARGE

COMES NOW Defendant Alan Johnson, pursuant to Local Rule 51.1 of this Court and paragraph 22 of the Consolidated Pretrial Order entered in this case, and tenders the following Requests to Charge, Nos. 1 through 9, which supplement those Instructions provided by the Court, as noted in the Directions to Counsel Concerning Preparation of Proposed Instructions set forth in the Eleventh Circuit Pattern Jury Instructions (Civil Cases), 1999 (the "Pattern Instructions").

This the 6th day of June, 2005.

Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By: _____
    Benjamin I. Fink
    Georgia Bar No. 261090

[*Additional Signature on Following Page.*]

By: _____
Aaron B. Chausmer
Georgia Bar No. 119998

3423 Piedmont Road, N.E.
Suite 200
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
bfink@bfvlaw.com
achausmer@bfvlaw.com
H:\01022-1\Trial\Jury Charges.wpd

COUNSEL FOR DEFENDANT
ALAN JOHNSON

## STATEMENT OF DEFENDANT ALAN JOHNSON'S CONTENTIONS

Plaintiff was a vendor of Leisure Time Technology, Inc., a subsidiary of LTCR, and was owed approximately $2,700,000 by LTT. Plaintiff knew that LTCR was having financial difficulties and cash flow problems when, on December 10, 1999, Plaintiff and LTCR entered into a Subscription Agreement, whereby Plaintiff acquired 523,759 shares of LTCR's Convertible Series A Preferred Stock (the "Stock") in exchange for the satisfaction of the monies due Plaintiff by LTT and for a deposit of $2,547,031 against future purchases from Plaintiff. Neither LTCR nor LTT ever received the future inventory from Plaintiff.

Ultimately, LTCR's, and LTT's, financial conditions deteriorated as a result of the loss of certain gaming markets. Plaintiff was aware of these circumstances when it executed the Subscription Agreement. This deterioration was not caused by any of the alleged misrepresentations at issue in this case.

In 2001, LTCR and LTT separately filed for bankruptcy. LTT's bankruptcy has been concluded, but LTCR's bankruptcy proceeding remains open. If Plaintiff had not received the Stock, and instead remained a simple creditor, it would have received little, if anything, from either bankruptcy proceeding.

## DEFENDANTS PROPOSED REQUEST NO. 1

In addition to those Instructions contained in the Pattern Instructions set forth in Federal Claims Instruction 4.2, entitled "Securities Act – Rule 10b-5(b), 17 C.F.R. § 240, 10b-5, Misrepresentations/Omissions Of Material Facts," Mr. Johnson requests that the Court also instruct the jury as to the following Pattern Instructions:

A)   Supplemental Damages Instruction 1.1, entitled "Duty to Mitigate In General;" and

B)   Supplemental Damages Instruction 6.1, entitled ""Attorneys Fees and Court Costs."

## DEFENDANTS PROPOSED REQUEST NO. 2

Plaintiff has presented evidence and argument about the management of the company, LTCR.  The securities laws regulate disclosure of information, not the management or mismanagement of a company.  The securities laws do not provide Plaintiff a remedy for acts which may constitute no more than internal corporate mismanagement.  Therefore, whether a company, such as LTCR, may have been mismanaged will not, standing alone, establish liability for securities fraud and will not support a finding in Plaintiff's favor.

**ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 2**

See Barr v. Matria Healthcare, Inc., 324 F.Supp.2d 1369 (N.D. Ga. 2004) (Thrash, J); see also Sante Fe Indus., Inc. v. Green, 430 U.S. 462 (1977).

## DEFENDANTS PROPOSED REQUEST NO. 3

One of the elements that the Plaintiff is required to prove by a preponderance of the evidence is that its reliance on the alleged misrepresentations was justifiable.  Plaintiff must show that it conducted reasonable diligence or investigation that it still could not have discovered the truth behind the alleged fraudulent [omission or] misrepresentations.  If Plaintiff, by reasonable care, could have discovered the truth of the alleged misrepresentations, it is not entitled to relief.

## ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 3

"Not only must an individual actually rely on the information provided, this reliance must be 'justifiable,' *i.e.*, with the exercise of reasonable diligence one still could not have discovered the truth behind the fraudulent omission or misrepresentation." Gochnauer v. A.G. Edwards & Sons, Inc., 810 F.2d 1042, 1047 (11th Cir. 1987) (quoting Thompson v. Smith Barney, Harris Upham & Co., Inc., 709 F.2d 1413, 1417-18 (11th Cir. 1983)).

## DEFENDANTS PROPOSED REQUEST NO. 4

In this case, Plaintiff contends that LTCR made certain misrepresentations in the Subscription Agreement between the parties.  However, even if you believe that LTCR breached the Subscription Agreement, this breach alone does not give rise to liability under the federal securities laws.

## **ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 4**

Equifax, Inc. v. 1600 Peachtree, L.L.C., 268 Ga. App. 186, 601
S.E.2d 519 (2004) ("[a]ctionable fraud does not result from mere
failure to perform promises made, otherwise any breach of
contract would amount to fraud"); see also Rubinberg v. Hydronic
Fabrications, Inc. 775 F. Supp. 56 (E.D. N.Y. 1991).

## DEFENDANTS PROPOSED REQUEST NO. 5

A claim for fraud cannot be predicated upon promises to perform some act in the future unless you find that LTCR, at the time the alleged misrepresentations were made, never intended to perform them.

**ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 5**

See Equifax, Inc. v. 1600 Peachtree, L.L.C., 268 Ga. App. 186,

195, 601 S.E.2d 519, 525-26 (2004); Ferland v. Orange Groves of

Florida, Inc., 377 F.Supp. 690, (M.D. Fla. 1974) ("a promissory

representation, whether asserted in a common law fraud action, an

action under 15 U.S.C. § 771(2), or an action under the

Securities and Exchange Commission Rule 10b-5, 17 CFR § 240.10b-

5, should only be considered a misrepresentation of fact where

the evidence shows that the promise was made without the intent

to perform").

## DEFENDANTS PROPOSED REQUEST NO. 6

In this case, Plaintiff must prove by a preponderance of the evidence that the alleged misrepresentations were, in some reasonably direct, or proximate, way responsible for its loss. Plaintiff may not recover damages where its loss is a result of market conditions or a company's insolvency.

## ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 6

See APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1352 (N.D. Ga. 2004) (Story, J.) (citing Bruschi v. Brown, 876 F.2d 1526, 1531 (11th Cir. 1989)); Robbins v. Koger Properties, Inc., 116 F.3d 1441, 1447 (11th Cir. 1997).

## **DEFENDANTS PROPOSED REQUEST NO. 7**

Severe recklessness is limited to those highly unreasonable misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that presents a danger of misleading buyers or sellers which is either known to LTCR or is so obvious that LTCR must have been aware of it. Although motive may contribute to an inference of severe recklessness, motive alone is insufficient to meet this requirement.

## ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 7

In re World Access, Inc. Securities Litigation, 310 F.Supp.2d 1281, 1290 (N.D. Ga. 2004) ("severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that presents a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it") (quoting Bryant v. Avadeo Brands, Inc., 187 F.3d 1271, 1282, n. 18 (11th Cir. 1999)); APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1351 (N.D. Ga. 2004) (Story, J.) (severe recklessness is more than mere simple or even inexcusable neglect, but must be more an extreme departure from the standards of ordinary care) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

## **DEFENDANTS PROPOSED REQUEST NO. 8**

If you, the jury, find that LTCR did commit securities fraud, and that Plaintiff did prove the required elements by a preponderance of the evidence, then you are to consider whether Alan Johnson, the defendants, is secondarily liable to Plaintiff for LTCR's fraud.   To be liable as a "controlling person," Plaintiff must demonstrate that Mr. Johnson both

  (1)   had the power to control the general affairs of LTCR at the time LTCR violated the securities laws; **AND**

  (2)   had the requisite power to directly or indirectly control or influence the specific corporate policy or policies which resulted in LTCR's liability.

If you find that LTCR did not commit any securities fraud, then your deliberation is complete and you are not to consider whether Mr. Johnson is liable to Plaintiff.

Mr. Johnson has stipulated that he had the power to control the general affairs of LTCR at the time Plaintiff alleges LTCR violated the securities laws.   Mr. Johnson denies that he had the requisite power to directly or indirectly control or influence the specific corporate policy or policies which allegedly resulted in LTCR's liability.

Page -15-

You should not infer or assume that Mr. Johnson meets the
second requirement simply because he stipulated to the first
requirement.

## ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 8

APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1351
(N.D. Ga. 2004) (Story, J.) (quoting Brown v. Enstar Group, 84
F.3d 393, 396 (11th Cir. 1996)).

## **DEFENDANTS PROPOSED REQUEST NO. 9**

If you find that Plaintiff has proved its case by a preponderance of the evidence, you may award Plaintiff damages. In a securities laws case such as this one, the proper measure of damages is the difference between what Plaintiff paid for its Stock and the fair market value, absent any misrepresentations, of the Stock on December 10, 1999, when Plaintiff purchased it.

**ANNOTATIONS FOR DEFENDANTS PROPOSED REQUEST NO. 9**

"The proper measure of damages utilizes the out-of-pocket rule:
the plaintiff can recover the 'difference between the price paid
and the 'real' value of the security, <u>i.e.</u>, the fair market value
absent the misrepresentations, at the time of the initial
purchase by the defrauded buyer'." <u>Robbins v. Koger Properties,
Inc.</u>, 116 F.3d 1441, 1447, n. 5 (11th Cir. 1997) (<u>quoting</u>
<u>Huddleston v. Herman & MacLean</u>, 640 F.2d 534, 556 (5th Cir. Unit
A 1981)); <u>Alna Capital Associates v. Wagner</u>, 758 F.2d 562 (11th
Cir. 1985).

## CERTIFICATE OF SERVICE

I hereby certify that served a true and correct copy of the foregoing DEFENDANT'S REQUEST TO CHARGE upon the following counsel via hand delivery and properly addressed as follows:

> Gary Bunch, Esquire
> Gary Bunch P.C.
> 1718 Peachtree Street NW
> Suite 1085
> Atlanta, Georgia 30309
> *Counsel for Plaintiff Prime Technological Services, Inc.*

This the 6th day of June, 2005.

BERMAN FINK VAN HORN P.C.

By: _____
    Aaron B. Chausmer
    Georgia Bar No. 119998

3423 Piedmont Road, N.E.          COUNSEL FOR DEFENDANT
Suite 200                         ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
achausmer@bfvlaw.com