FILED IN OPEN COURT
U.S D.C.-Atlanta

JUN 6 2005

LUTHER D. THOMAS, CLERK
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRIME TECHNOLOGICAL SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE<br>: NUMBER: 1:00-CV-2186-ODE |
| ALAN JOHNSON, | : |
| Defendant. | : |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN ARGUMENT, TESTIMONY AND EVIDENCE REGARDING DEFENDANT'S POWER TO CONTROL THE GENERAL AFFAIRS OF LEISURE TIME CASINOS & RESORTS, INC.

COMES NOW Defendant Alan Johnson, and files this, his Motion in Limine to Exclude Certain Argument, Testimony and Evidence Regarding Defendant's Power to Control the General Affairs of Leisure Time Casinos & Resorts, Inc. ("LTCR"). As demonstrated in the attached Memorandum of Law in Support of the Motion, Plaintiff Prime Technological Services Inc. ("Plaintiff") should be precluded from introducing any argument, testimony or evidence regarding Mr. Johnson's power to control the general affairs of LTCR.

WHEREFORE, Mr. Johnson requests that the Court grant the relief prayed for above and that this Motion be **GRANTED**.

This the 6th day of June, 2005.

                                    Respectfully submitted,

                                    BERMAN FINK VAN HORN P.C.

                                    By: _____
                                          Benjamin I. Fink
                                          Georgia Bar No. 261090

                                    By: _____
                                            Aaron B. Chausmer
                                          Georgia Bar No. 119998

3423 Piedmont Road, N.E.            COUNSEL FOR DEFENDANT
Suite 200                                      ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
bfink@bfvlaw.com
achausmer@bfvlaw.com
H:\01022-1\Pleading\MIL Control.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| PRIME TECHNOLOGICAL SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NUMBER: 1:00-CV-2186-ODE |
| ALAN JOHNSON, | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE CERTAIN ARGUMENT, TESTIMONY AND EVIDENCE REGARDING DEFENDANT'S POWER TO CONTROL THE GENERAL AFFAIRS OF LEISURE TIME CASINOS & RESORTS, INC.**

COMES NOW Defendant Alan Johnson, and files this, his Memorandum of Law in Support of his Motion in Limine to Exclude Certain Argument, Testimony and Evidence Regarding Defendant's Power to Control the General Affairs of Leisure Time Casinos & Resorts, Inc. (the "Motion" and "LTCR," respectively), and shows this Honorable Court as follows:

Plaintiff Prime Technological Services, Inc. ("Plaintiff") has sued Mr. Johnson as a "controlling person" under the federal securities laws. To prevail on its claim against Mr. Johnson, Plaintiff must prove that Mr. Johnson had both: (1) the power to control the general affairs of LTCR at the time when Plaintiff alleges that LTCR violated the securities laws; and (2) the requisite power to directly or indirectly control or influence the specific corporate policy or policies which Plaintiff contends resulted in LTCR's liability. See APA Excelsior III,

L.P. v. Windley, 329 F.Supp.2d 1328, 1351 (N.D. Ga. 2004) (Story, J.) (citing Brown v. Enstar Group, 84 F.3d 393, 396 (11th Cir. 1996)).

Mr. Johnson has stipulated, for purposes of this case, to the first element.[1]

In discovery, Plaintiff questioned witnesses about various things that would relate to Mr. Johnson's control, but which otherwise are not relevant to Plaintiff's claim in this case. These inquiries concerned LTCR's hiring of Mr. Johnson's family members, LTCR's reimbursement of Mr. Johnson for various business expenses, among other topics. Additionally, Plaintiff has identified various documents as potential exhibits that have no relevance to Plaintiff's claim under the securities laws, except to demonstrate Mr. Johnson's power to control LTCR and relate solely to Plaintiff's inquiries as to Mr. Johnson's power to control the general affairs of LTCR.

It is anticipated that Plaintiff will seek to introduce argument, testimony or evidence regarding multiple issues, including the aforementioned, purportedly to demonstrate Mr. Johnson's power to control the general affairs of LTCR. Plaintiff's real reason for submitting the evidence is to try

---

[1] Mr. Johnson did not stipulate that he had the requisite power to directly or indirectly control or influence the specific corporate policy or policies which Plaintiff contends resulted in LTCR's liability or that he or LTCR violated the securities laws.

-2-

this case as one over the alleged self-dealing and mismanagement of LTCR.

As Mr. Johnson has stipulated that he had the power to control the general affairs of LTCR at the time when Plaintiff alleges that LTCR violated the securities laws, any argument, testimony, or evidence proffered by Plaintiff in furtherance of this element is not relevant to Plaintiff's claim and would only serve to unnecessarily expand these proceedings. Further, even if such argument, testimony, and evidence were relevant, its probative value would be unduly prejudicial to Mr. Johnson under Rule 403 of the Federal Rules of Evidence given its nominal probative value.

Accordingly, Mr Johnson requests that the Court prohibit Plaintiff from presenting argument, testimony or evidence regarding Mr. Johnson's power to control the general affairs of LTCR at the time when Plaintiff alleges that LTCR violated the securities laws and that the Motion be **GRANTED**.

This the 6th day of June, 2005.

Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By: _____
Benjamin I. Fink
Georgia Bar No. 261090

*[Additional Signature Page Follows]*

By: _____
Aaron B. Chausmer
Georgia Bar No. 119998

3423 Piedmont Road, N.E.
Suite 200
Atlanta, Georgia 30305-4802
(404) 261-7711
(404) 233-1943 (facsimile)
bfink@bfvlaw.com
achausmer@bfvlaw.com

COUNSEL FOR DEFENDANT
ALAN JOHNSON

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRIME TECHNOLOGICAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALAN JOHNSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) |  CIVIL ACTION FILE NUMBER <br> 1:00 CV-2186-ODE |

### CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing MOTION IN LIMINE TO EXCLUDE CERTAIN ARGUMENT, TESTIMONY AND EVIDENCE REGARDING DEFENDANT'S POWER TO CONTROL THE GENERAL AFFAIRS OF LEISURE TIME CASINOS & RESORTS, INC. and MEMORANDUM OF LAW IS SUPPORT OF THE SAME were prepared using Courier New 12 point font in accordance with Local Rule 5.1(C).

This the 6th day of June, 2005.

Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By: _____
Aaron B. Chausmer
Georgia Bar No. 119998

3423 Piedmont Road, N.E.　　　COUNSEL FOR DEFENDANT
Suite 200　　　　　　　　　　　ALAN JOHNSON
Atlanta, Georgia 30305-4802
(404) 261-7711
achausmer@bfvlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing MOTION IN LIMINE TO EXCLUDE CERTAIN ARGUMENT, TESTIMONY AND EVIDENCE REGARDING DEFENDANT'S POWER TO CONTROL THE GENERAL AFFAIRS OF LEISURE TIME CASINOS & RESORTS, INC. and MEMORANDUM OF LAW IS SUPPORT OF THE SAME upon the following counsel, via hand delivery, and addressed as follows:

> Gary Bunch, Esquire
> Gary Bunch P.C.
> 1718 Peachtree Street NW
> Suite 1085
> Atlanta, Georgia 30309
> *Counsel for Plaintiff Prime Technological Services, Inc.*

This the 6th day of June, 2005.

BERMAN FINK VAN HORN P.C.

By: _____
Aaron B. Chausmer
Georgia Bar No. 119998

COUNSEL FOR DEFENDANT
ALAN JOHNSON

3423 Piedmont Road, N.E.
Suite 200
Atlanta, Georgia 30305-4802
(404) 261-7711
achausmer@bfvlaw.com
H:\01022-1\Pleading\MIL Control.wpd